UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TECTONICS INDUSTRIES, LLC,<br>                    Plaintiff,<br>v.<br><br>HAYDA TORO-PEREZ,<br>                    Defendant.<br>_____/ | Case No.: 22-12795<br><br>Paul D. Borman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER GRANTING MOTION FOR ALTERNATE SERVICE (ECF No. 6)

Plaintiff Tectonics Industries, LLC, filed this case on November 17, 2022, against a former employee. On December 13, 2022, Plaintiff moved, ex parte, for leave to serve the defendant, an individual, by alternate means. (ECF No. 6). This motion was referred to the undersigned. (ECF No. 7).

The Federal Rules of Civil Procedure allow for service on an individual by following state law for service where the Court is located. Fed. R. Civ. P. 4(e). Michigan provides for personal service or mailed service by certified mail, return receipt requested, and delivery restricted to the addressee. M.C.R. 2.105(A).

In the motion, Plaintiff explains its attempts at service and communication with Defendant. Through employment records and Gwinnett County, Georgia tax records, Plaintiff identified Defendant's home mailing address as 3041 Stone Column Way, Buford, Georgia 30519. Prior to filing this action, Plaintiff emailed Defendant a letter to her personal email address regarding the issues alleged in this

case. A Michigan-based attorney, acting on Defendant's behalf, responded to that letter to discuss potentially resolving the case. This indicates that the Defendant uses this email address. The case did not resolve, so this lawsuit was filed. (ECF No. 6, PageID.41).

In accordance with Michigan Court Rule 2.105(A)(1), Plaintiff attempted personal service through a process server three times: November 23, 28, and 30, 2022. There was no answer on the first two attempts; the server left a card both times. On the third attempt, though no one answered, the lights were on in the residence, the cards were no longer on the doors, and Christmas lights were on inside the house. Defendant did not contact the process server. (*Id.* at PageID.42; ECF No. 6-4). On December 2, 2022, Plaintiff attempted mailed service of the summons and complaint by certified mail, return receipt requested, and delivery restricted to the address, in accordance with Michigan Court Rule 2.105(A)(2). On December 7, 2022, the United States Postal Service attempted service of the certified mailing, but no authorized recipient was available. On December 8, 2022, Plaintiff scheduled a redelivery for December 10, 2022. As of the date of the motion, Defendant had not accepted the certified mailing of the summons and complaint. (ECF No. 6, PageID.42-43).

The Michigan Court Rules permit alternate service where process cannot reasonably be made as provided by the rules. Mich. Ct. Rule 2.105(J)(1). Under

Michigan law, "the court may by order permit a service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." *Nationstar Mortg. LLC v. B&M Acquisitions, LLC*, 2018 WL 1918680, at *4 (E.D. Mich. Apr. 24, 2018). Such alternate service may be ordered only on "a showing that service of process cannot reasonably be made as provided" otherwise. *Macomb Interceptor Drain Drainage Dist. v. Kilpatrick*, 2011 WL 5599388, at *1 (E.D. Mich. Nov. 16, 2011). A plaintiff must try to serve a defendant "by *all* available traditional methods" before alternate methods are appropriate. *Elec. Workers Local 58 Pension Tr. Fund v. Rite Elec. Co.*, 2010 WL 4683883, at *1 (E.D. Mich. Nov. 10, 2010) (emphasis in original).

  The motion is **GRANTED**. Plaintiff sufficiently attempted service by personal service and mailed service in accordance with Federal and Michigan law. It appears service cannot reasonably be made by these means.

  Plaintiff requests permission to serve Defendant by (1) mailing the summons and complaint to Defendant's Georgia address, (2) tacking or firmly affixing the summons and complaint to the front door of the Georgia address, and (3) emailing the summons and complaint to Defendant's personal email address. Given the foregoing background on the attempts and service and prior communication via email, the Court finds these alternate means of service are reasonably calculated to

3

give Defendant actual notice of this lawsuit.  Plaintiff is directed to **include a copy of this Order** in all three means of alternate service.

    **IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: December 15, 2022                              s/Curtis Ivy, Jr.
                                                                       Curtis Ivy, Jr.
                                                                       United States Magistrate Judge